Award Made for Parcel Damage No. 94, etc., Borough of Queens, City of New York.— Motion for leave to appeal to the Court of Appeals granted. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ. Settle order on notice.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL J. SMITH and Others, Relators, Respondents, v. WILLIAM E. WALSH and Others, Constituting the Board of Appeals of the City of New York, Defendants, Appellants. SPENCER ALDRICH, Intervenor, Appellant.— Motion for reargument denied. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

WILLIAM M. REED, Respondent, v. N. E. VAIL & COMPANY, INC., Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

BARBARA ROSENBERG, Respondent, v. JACOB ROSENBERG, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

GIUSEPPE SARNO, Respondent, v. AMERICAN SUGAR REFINING COMPANY, Appellant.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

JAMES G. SAUSE, Appellant, v. NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Respondent.— Motion to dismiss appeal granted. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

MORRIS SELIG, Suing on Behalf of Himself and All Other Stockholders of the B. S. B. REALTY CORPORATION, Appellant, v. HARRY BERG and Others, Respondents.— Motion for stay denied. Present — Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ.

PERCY DEWILLARD SMITH, Appellant, v. MORSE DRY DOCK AND REPAIR COMPANY, Respondent.— Motion to dismiss appeal granted. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

SOL SCHILDKRAUT, Doing Business as JAMAICA AUTO SUPPLY COMPANY, Respondent, v. EDWARD SCHILDKRAUT and Another, Copartners, Doing Business as SCHILDKRAUT & MAYER, Appellants. (Action No. 1.) — Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

SOL SCHILDKRAUT, Doing Business as JAMAICA AUTO SUPPLY COMPANY, Respondent, v. EDWARD SCHILDKRAUT and Another, Copartners, Doing Business as SCHILDKRAUT & MAYER, Appellants. (Action No. 2.) — Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

NATHAN AGAR, Respondent, v. HERMAN H. JARMON, Appellant.— Order denying defendant's motion to dismiss the amended complaint affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Kelby, JJ., concur.

ANNA ALTMAN, Respondent, v. MAX BAKST, Appellant, Impleaded with Others, Defendants.— Final order setting aside special verdict in favor of Max Bakst, and granting a new trial, unanimously affirmed, with costs to abide the event. No opinion. Present — Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ.

MOSES BEAL, Respondent, v. STANDARD OIL COMPANY OF NEW YORK and

Another, Appellants.— Judgment and order unanimously affirmed, with one bill of costs. No opinion. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

FRANK BEDELL, Respondent, v. JAMES J. DWYER, Appellant.— Judgment and order of the County Court of Orange county unanimously affirmed, without costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Kelby, JJ.

LUCY BROWER BRUNDAGE, Appellant, v. BYRON ERNEST BRUNDAGE, Respondent.— Judgment modified by reversing the fifth finding of fact, and this court in lieu thereof makes a finding that the plaintiff did not, at the time complained of, abandon the defendant, and as so modified the judgment is affirmed, without costs. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ., concur.

C. A. KELLOGG PRINTING PRESS CO., INC., Appellant, v. NELSON E. FUNK, Respondent.— Orders affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Kelby, JJ., concur.

RODOLFO A. CORREA, Respondent, v. HENRY G. YOUNG, Appellant.— Judgment and order unanimously affirmed, with costs. The undisputed evidence establishes that there was no merger of the commission agreement in the contract of sale. The very language of the commission agreement shows that the contract of sale was theretofore made, even though on the same day. This is without dispute. Nor does the sealed instrument rule affect plaintiff's claim. The contract of sale under seal is not the subject of litigation. That contract was undeniably carried out and completed. Plaintiff's claim is based upon a collateral and wholly independent agreement to pay him a specific sum, and a recovery by him on such agreement is not affected by the identity of the real purchaser, in the absence of a claim of fraud, which is not here advanced. Present — Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ.

JULIAN P. FAIRCHILD and Others, as Permanent Receivers of ATLANTIC DOCK COMPANY, Appellants, v. UNION FERRY COMPANY OF NEW YORK AND BROOKLYN, Respondent.— Judgment affirmed, with costs. No opinion. Kelly, P. J., Kelby and Young, JJ., concur; Kapper, J., dissents on authority of *Matter of McClellan* (146 App. Div. 594; affd., on opinion below, 204 N. Y. 677), with whom Jaycox, J., concurs.

ISIDOR FRIEDMAN, Appellant, v. ELSIE FRIEDMAN, Respondent.— Judgment and order reversed upon the law, and a new trial granted, for error in the refusal to permit the question at folio 388 to be answered by the defendant. Had the defendant answered this question in the affirmative, further inquiry by plaintiff's counsel would have been proper as to the contents of the letter. Had she answered in the negative, plaintiff might have introduced evidence that the letter was in defendant's handwriting. We think the error too material in this case to be disregarded. Kelly, P. J., Rich, Jayxox, Manning and Kapper, JJ., concur.

VITO GRAZIANO, Respondent, v. McGRATH CONTRACTING COMPANY, INC., Appellant, Impleaded with Another, Defendant.— Judgment and order reversed upon the law and the facts, and a new trial granted, costs to abide the event. At the conclusion of the court's charge, appellant's attorney requested that the jury be charged that if they found that the appellant had supplied and had close to the scene of the work plenty of good rope, and the foreman selected or handed out a poor piece of rope, which was the cause of the accident, this defendant, appellant,